## John Barlow *vs.* Joseph S. Leavitt.

Since *St.* 1852, *c.* 312, the proper mode of objecting to a misjoinder of different causes of action in the same declaration is by demurrer, and not by a motion to dismiss.

The declaration in this case contained two counts, one against the defendant for refusing to accept a bill of exchange or draft drawn on him, payable to the plaintiff, by one J. W. Andrew, for $51.28, the defendant having sufficient funds in his hands, belonging to said Andrew, wherewith to meet said draft. The second count was as follows : " And the plaintiff

says that the defendant did knowingly assist one J. W. Andrew, being a poor debtor, in secreting, spending, and using his goods, effects, and credits, to the value of one hundred dollars, without first offering the same to said plaintiff, being then and there the creditor of said Andrew. And so the plaintiff says that the said defendant owes him two hundred dollars, according to the force and effect of the statute in such case made and provided. And the plaintiff says it is doubtful whether this count sets forth a cause of action in contract or in tort, but he avers that it is for the same cause of action with the preceding count, and he asks leave to join the same."

The defendant moved to dismiss the action, because a count in contract was joined with a count in tort, which motion being allowed in the court of common pleas, the plaintiff appealed to this court.

*S. H. Phillips*, for the plaintiff.

*N. J. Lord*, for the defendant.

BIGELOW, J. There is no ground for the motion to dismiss this action. The court below had jurisdiction both of the subject-matter and of the parties. The defect, if any existed, was in the misjoinder of two separate and distinct causes of action, for each of which the law prescribes different remedies. At common law, the only proper mode of taking advantage of such a defect was by a demurrer or motion in arrest of judgment. 1 Chit. Plead. 236. Under the practice act, *St* 1852, *c.* 312, §§ 17, 21, 22, it can be done only by demurrer.

*Motion to dismiss overruled.*